# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

JOSE EFRAIN LINARES-TABORA,

    Petitioner,

v.                                                 Case No. 5:21-cv-00350

WARDEN, FCI BECKLEY,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Jose Efrain Linares-Tabora's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2). This matter is assigned to the Honorable Frank W. Volk, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's § 2241 petition (ECF No. 2), and **DISMISS** this civil action from the docket of the court.

## PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM

### A. Petitioner's conviction and prior post-conviction filings.

Petitioner is a federal prisoner serving a 292-month term of imprisonment imposed by the United States District Court for the Southern District of Texas, following his conviction on the following five counts contained in a superseding indictment: (1) conspiracy to conceal, harbor, shield and transport illegal aliens within the United States, for the purpose of commercial advantage and private financial gain, in violation of 8

U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(iii), (a)(1)(A)(v)(I), and (a)(1)(B)(i); (2) concealing, harboring, and shielding from detection illegal aliens within the United States, for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(A)(v)(II), and (a)(1)(B)(i); (3) aiding and abetting the transporting of illegal aliens within the United States, for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), and (a)(1)(B)(i); (4) conspiracy to seize, detain, and threaten illegal aliens in order to compel others to do an act, that is, to pay a sum of money as an explicit and implicit condition for the release of the illegal aliens, in violation of 18 U.S.C. § 1203(a); and (5) aiding and abetting the seizing, detaining and threatening to continue to detain illegal foreign nationals in the United States, in order to compel others to do an act, that is, to pay a sum of money as an explicit and implicit condition for the release of the foreign nationals, in violation of 18 U.S.C. §§ 1203(a) and 2. (ECF No. 8-1, Ex. 1, Attach. C (Judgment in a Criminal Case)). The Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on October 19, 2006 in a joint appeal with a co-defendant. *See United States v. Ibarra-Zelaya*, 465 F.3d 596 (5th Cir. 2006). (ECF No. 8-2, Ex. 2 (*see* ECF Nos. 386, 388 on docket sheet)).

On September 19, 2007, Petitioner filed a motion under 28 U.S.C. § 2255 asserting, among other things, insufficiency of evidence for his convictions and ineffective assistance of counsel. (ECF No. 8-3, Ex. 3). The sentencing court denied the motion, finding Petitioner's claims to be without merit. (ECF No. 8-4, Ex. 4). Plaintiff did not appeal that decision.

## B. Calculation of Petitioner's sentence and sentencing credit.

Petitioner's federal sentence is calculated as commencing on February 4, 2005, the date the sentence was imposed. (ECF No. 8-1, Ex. 1, Attach. D (Sentence Computation)). Petitioner has received prior custody credit ("PCC") for the period between March 12, 2004 (the date of his arrest) and February 3, 2005 (the day prior to the commencement of his federal sentence). (*Id.*) As of the date of Respondent's response, Petitioner had earned 710 days of good conduct time ("GCT") and had 196 days of GCT disallowed. (ECF No. 8-1, Attach. E (Good Time Data)). Petitioner's current projected release date - the date on which he will complete serving his federal sentence with consideration for GCT - is October 3, 2025.[1]

## C. The instant § 2241 petition.

Petitioner filed the instant petition under 28 U.S.C. § 2241 seeking, in part, PCC for time spent in custody from March 12, 2004 through March 17, 2004, and from February 3, 2005, to March 28, 2005. (ECF No. 1 at 7, Ground Two). Additionally, Petitioner asserts that he has not received all his GCT as provided for by the First Step Act. (*Id.*, Ground Three). Finally, Petitioner claims that his multiple convictions under 8 U.S.C. § 1324 violate the Double Jeopardy Clause and that his trial counsel was ineffective for failing to raise the issue. (*Id.* at 6-8, Grounds One and Four). On November 1, 2021, as ordered by the court, Respondent filed a response to Petitioner's petition (ECF No. 8) asserting that Petitioner failed to exhaust available administrative remedies with respect to his claims concerning the execution of his sentence, and that this

---

1  This is the current calculation according to the Federal Bureau of Prison's ("BOP") website. Petitioner's projected release date at the time of Respondent's response was June 30, 2025. (ECF No. 8 at 3). Thus, it appears that Petitioner has had additional GCT disallowed since that time.

3

court lacks jurisdiction to consider his double jeopardy claim and the validity of his convictions. Petitioner did not file a reply brief as ordered by the court. This matter is ripe for resolution.

## ANALYSIS

### A. Petitioner's double jeopardy claim.

Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. 28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255. In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which made significant reforms to the federal post-conviction review process for both state and federal prisoners. As relevant here, AEDPA restricted the filing of second or successive § 2255 motions to those motions that contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 US.C. § 2255(h).

Petitioner's double jeopardy claim concerns the validity of his convictions, not the execution of his sentence. Thus, it would be appropriately brought in a § 2255 motion. However, Petitioner previously filed an unsuccessful § 2255 motion and failed to raise that claim therein, making it a second or successive claim. Thus, he is procedurally barred from filing another § 2255 motion unless he demonstrate that his claims are based

upon "newly discovered evidence," or "a new rule of constitutional law." *See* 28 §§ 2255(h)(1) and (2). His double jeopardy claim does not meet those criteria. However, another AEDPA provision provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). This section is known as the "savings clause" and permits a prisoner to seek relief under § 2241 instead of § 2255.

Accordingly, for Petitioner to pursue relief on his double jeopardy claim under § 2241, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). The mere fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332. Thus, the denial of Petitioner's prior § 2255 motion, standing alone, will not permit this court to review his claim under § 2241.

Courts have struggled with ascertaining when § 2255 is "inadequate or ineffective," resulting in a split of authority among the federal circuit courts. The United States Court of Appeals for the Fourth Circuit previously established a three-factor analysis for determining when § 2255 is inadequate or ineffective. The remedy under § 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334 (hereinafter "the *Jones* test"). (ECF No. 8 at 10).

As asserted by Respondent, however, "Petitioner has not even suggested, much less met his burden to prove, there has been a change in the substantive law related to his conduct that now deems it not to be criminal." (*Id.*) Respondent further contends:

> He has not cited any law regarding his double jeopardy argument in ground one of the Petition or his ineffective assistance claim in ground four to support his position that § 2255 is inadequate or ineffective to challenge the legality of his conviction. Nor could he. *Cf. United States v. Alvarez-Marquez*, 542 F. App'x 543, 544 (9th Cir. 2013) (rejecting defendant's claim that his multiple convictions under 8 U.S.C. § 1324(a)(1)(A) violated the Double Jeopardy Clause). Of the three counts under § 1324 of which Petitioner was convicted, one was for the predicate crime itself while one was for conspiracy to commit the predicate crime and another was for aiding and abetting the predicate crime. See Ex. 1, Attach. C. Thus, each of the three counts "require[d] proof of a fact which the other d[id] not," *Blockburger v. United States*, 284 U.S. 299, 304 (1932), and the Double Jeopardy Clause was not violated. Without this showing, Petitioner's claims fail. *See Tillman v. Rickard*, No. 1:18-01244, 2020 WL 1548057, at *3 (S.D. W. Va. Mar. 31, 2020) (noting that "[t]he petitioner bears the burden of establishing that he satisfies all three *Jones* savings clause criteria").

(*Id.* at 10-11). Thus, Respondent's unopposed initial response asserted that Petitioner could not satisfy the Fourth Circuit's savings clause criteria.

Moreover, as asserted in Respondent's supplement (ECF No. 9), on June 22, 2023, the Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465, 480 (2023), which held, in pertinent part, that the inability of a prisoner to meet the § 2255(h) criteria "does not mean that he can bring his claim in a habeas petition under the saving clause. It means

6

that he cannot bring it at all." Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot satisfy the standards of 28 U.S.C. § 2255(e) to have his double jeopardy claim and ineffective assistance of counsel claims considered by this federal court under § 2241 and the proper resolution is to dismiss those claims, without prejudice, for lack of jurisdiction.

### B. Petitioner's claims concerning the execution of his sentence.

#### 1. Failure to exhaust administrative remedies.

Petitioner's other claims concerning the calculation of his PCC and GCT do involve the execution of his sentence and, thus, are appropriate for consideration under § 2241. However, Respondent contends that these claims are barred from review by this court because Petitioner failed to properly exhaust the available administrative remedies before filing his petition. (ECF No. 8 at 3-5).

Generally, a federal prisoner must exhaust available administrative remedies before filing a habeas corpus petition. *Boudemiene v. Bush*, 553 U.S. 723 (2008); *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 490-01 (1973); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."); *United States v. Odiana*, 7 F.3d 227, 227 (4th Cir. 1993) (per curiam) (same); *see also United States v. Mercado*, 37 F. App'x 698, 699 (4th Cir. 2002) (per curiam) (affirming dismissal for failure to exhaust BOP's administrative remedies prior to filing § 2241).

As noted by Respondent, although the exhaustion requirement concerning § 2241 petitions is judicially imposed, rather than statutorily required, and courts retain discretion to waive the requirement when exhaustion is futile, unless the agency is certain

7

to rule adversely, failure to exhaust is generally not excused. *Reeder v. Phillips*, No. 1:07-cv-138, 2008 WL 2434003, at *3 (N.D. W. Va. June 12, 2008); *see also Woltz v. Ziegler*, No. 5:12-cv-0238, 2012 WL 1599916, at *3 (S.D. W. Va. Mar. 23, 2012) ("Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under Section 2241." (citations omitted)), *report and recommendation adopted*, 2012 WL 1599894, at *1 (S.D. W. Va. May 7, 2012). (ECF No. 8 at 3-4).

Respondent contends that SENTRY, the BOP's record system, shows that, at the time of the response, Petitioner had only filed one administrative remedy which was unrelated to the calculation of his sentence. (*Id*. at 4 and Ex. 1, Attach. F). Petitioner did not dispute this fact. Respondent further states:

> Had Petitioner utilized the administrative remedies available to him, this action could have been avoided. Petitioner's challenge to the calculation of his sentence in this civil action resulted in a review by the BOP's Designation and Sentence Computation Center ("DSCC"). The review resulted in Petitioner being granted PCC for March 12, 2004, through March 17, 2004. Had Petitioner filed an administrative remedy, the DSCC would have conducted the same review and awarded him the credit without needlessly wasting judicial resources. As for the remaining PCC Petitioner requests, the time was already credited to Petitioner as both PCC and as time spent actively serving his sentence. The response to the administrative remedy would have clarified how the time was calculated and accounted for, as well as explained how the GCT was calculated, negating the need for filing this action. See Ex. 1.

(*Id*. at 4).

      2.    Petitioner's prior custody credit was properly calculated.

Notwithstanding his failure to exhaust administrative remedies, Respondent asserts that Petitioner's federal sentence has been properly calculated and executed. Following the imposition of a sentence by a federal court, the BOP is charged with

calculating and administering the offender's sentence, including the application of PCC and GCT. *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a). The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "<u>a sentence to a term of imprisonment commences on the date the defendant is received in custody</u> awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added). Thus, a federal sentence generally does not commence until a prisoner arrives at the federal prison where he will serve his sentence.

Moreover, as asserted by Respondent, at the earliest, a federal sentence commences on the day the prisoner is sentenced in federal court. *See United States v. McLean*, No. 88–5506, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (per curiam) ("A federal sentence cannot commence prior to the date it is pronounced."); *see also Rashid v. Quintana*, 372 F. App'x 260, 262 (3d Cir. 2010) (per curiam) (noting that "a federal sentence cannot begin to run earlier than on the date on which it is imposed" (citing *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998))); *Demartino v. Thompson*, No. 96-515, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) (same); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) (same). (ECF No. 8 at 5). Respondent further asserts:

> Petitioner's confusion [concerning when his federal sentence commenced] may stem from the fact that Petitioner was sentenced on February 4, 2005, but remained in [United States Marshals Service ("USMS")] custody until March 28, 2005, at which time he was released by the USMS to the BOP. Despite being held by the USMS from February 4, 2005 to March 28, 2005, Petitioner's sentence began on February 4, 2005: the date it was imposed. Therefore, the time from February 4, 2005, through March 28, 2005, is credited against his sentence as time spent actively serving his sentence rather than PCC.

(*Id*. at 5-6, n.1).

Respondent additionally contends that "Petitioner has received PCC for all of the time spent in custody prior to the commencement of his sentence on February 4, 2005." (*Id*. at 5). Respondent states:

> Petitioner was arrested by [Immigration and Customs Enforcement ("ICE")] officials on March 12, 2004, and he was held until March 17, 2004. See Ex. 1, Attach. A. He was released by ICE to the USMS and remained in USMS custody from March 18, 2004, through March 28, 2005, when he was released by USMS officials to the BOP. [footnote omitted]. See id., Attach. B. Thus, Petitioner was in federal custody continuously from March 12, 2004, through February 3, 2005 - the day before his federal sentence commenced.

(*Id*.) Petitioner did not contest these assertions. Thus, it is undisputed that Petitioner received proper credit for all time applicable to his federal sentence.

        3.     Petitioner's good conduct time was properly applied.

Petitioner also claims he has not received all his GCT as provided for by the First Step Act. Section 102(b) of the First Step Act of 2018 amended 18 U.S.C. § 3624(b) to change the method by which the BOP must calculate GCT credits. *See* Pub. L. No. 115-391, § 102, 132 Stat. 5194, 5210 (2018). Pursuant to 18 U.S.C. § 3624(b), inmates earn fifty-four days of GCT for each year of the sentence imposed by the court. *Id*. Respondent asserts that Petitioner's GCT calculation is consistent with 18 U.S.C. § 3624(b). As noted in Respondent's response:

> Petitioner's 292-month term of imprisonment translates into a 24-year and 4-month sentence. *See* Ex. 1, Attach. D. An inmate with a 24-year and 4-month sentence may earn a maximum possible allowance of fifty-four days for each year for the first twenty-four years, with the four-month portion of the sentence earning a prorated seventeen days. Overall, therefore, someone with Petitioner's sentence may earn a maximum of 1,313 days of GCT (24 years x 54 days per year + 17 days = 1,313 days).
>
> In Petitioner's case, he has been credited thus far with fifty-four days per year with the exception of the year of March 12, 2007, to March 11, 2008,

>   for which he was credited only forty-two days. *See id.*, Attach. E. The possible GCT for this period was reduced twelve days, specifically from fifty-four days to forty-two days, due to Petitioner's failure to satisfactorily work towards his GED. *See id.*, Attachs. G (Education History), H (Education Data Program Review). Additionally, Petitioner has lost 196 days of GCT due to disciplinary infractions. *See id.*, Attachs. E, I (Discipline Data).
>
>   Overall, Petitioner has thus far earned 710 days of GCT (sixteen years served at a rate of fifty-four days per year (864 days), plus one year served at a rate of 42 days, reduced by 196 days disallowed for disciplinary actions). *See id.*, Attach. D. With Petitioner's remaining sentence, he is eligible to earn an additional 395 days of GCT (seven years at a rate of fifty-four days per year (378 days) and a four-month prorated amount of seventeen days), for a total GCT earned and projected of 1,105 days. *See id.* Each day of Petitioner's 1,105 possible days of GCT is accounted for (1,313 possible days minus twelve days for unsatisfactory work towards his GED, minus 196 days disallowed for discipline). Accordingly, his challenge in ground three of the Petition is without merit and must be dismissed.

(ECF No. 8 at 6-7). Again, Petitioner did not dispute Respondent's contentions and these calculations appear to be in line with the relevant authority.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's federal sentence has been properly calculated and executed and there is no basis for relief under § 2241.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's § 2241 petition (ECF No. 2) and **DISMISS** this civil action.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and

8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

May 30, 2024

Dwane L. Tinsley
United States Magistrate Judge